UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JORGE LUIS ZAMBRANO PAZ, | Case No. 25-13563 |
| Petitioner, | Hon. F. Kay Behm |
| v. | United States District Judge |
| KEVIN RAYCRAFT, *et. al.*, | |
| Respondents. | |
| _____/ | |

# OPINION AND ORDER GRANTING THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1)

## I.   PROCEDURAL HISTORY

On November 7, 2025, Petitioner Jorge Luis Zambrano Paz, a citizen of Venezuela, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is being unlawfully detained by Respondents at the North Lake Processing Center in Baldwin, Michigan in violation of the Immigration and Nationality Act ("INA") and the Due Process clause of the Fifth Amendment.  ECF No. 1.

Respondents, who include Secretary of the United States Department of Homeland Security Kristi Noem, United States Attorney General Pamela Bondi, the Executive Office for Immigration Review, and Immigration and Customs Enforcement Detroit Field Office

1

Director Kevin Raycraft, argue that Petitioner's detention is not unlawful under the INA, specifically 8 U.S.C. § 1225(b)(2), and does not violate his Due Process rights.  Respondents also urge the Court to refrain from deciding the merits of the petition until Petitioner administratively exhausts his claims, and to either deny the petition or dismiss all Respondents except for Raycraft.  ECF No. 6.

This case is one of an ever-growing number of challenges in this District, and across the country, to noncitizen detentions arising out the Department of Homeland Security's current interpretation of the Immigration and Nationality Act.  This court, along with at least eight other judges in this District as of writing, have joined their peers nationwide to conclude that the interpretation being advanced by the Government, which would require the mandatory detention of hundreds of thousands, if not millions, of individuals currently residing within the United States, is contrary to both the plain text of the statute and the overall statutory scheme.  *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, --- F. Supp. 3d ---, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025) (McMillion, J.); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025) (White, J.); *Gimenez Gonzalez v.*

*Raycraft*, No. 25-CV-13094, 2025 WL 3006185 (E.D. Mich. Oct. 27, 2025) (Kumar, J.); *Morales-Martinez v. Raycraft*, No. 25-cv-13303, 2025 WL 3124695 (E.D. Mich. Nov. 7, 2025) (Behm, J.); *Jimenez Garcia v. Raybon*, No. 2:25-CV-13086, 2025 WL 2976950 (E.D. Mich. Oct. 21, 2025) (DeClercq, J.); *Contreras-Lomeli v. Raycraft*, No. 2:25-CV-12826, 2025 WL 2976739 (E.D. Mich. Oct. 21, 2025) (Ludington, J.); *Gonzalez v. Raycraft*, No. 25-13502, 2025 WL 3218242, (E.D. Mich. Nov. 17, 2025) (Michelson, J.); *Diego v. Raycraft*, No. 25-13288, 2025 WL 3159106 (E.D. Mich. Nov. 12, 2025) (Levy, J.); *Hurtado-Medina v. Raycraft*, No. 25-CV-13248, 2025 WL 3268896, at *1 (E.D. Mich. Nov. 24, 2025) (Leitman, J.).

For the reasons below, this court reaches the same conclusion as it has previously, finds that oral argument is not necessary to decide the petition pursuant to LR 7.1(f)(2), **GRANTS** the petition for a writ of habeas corpus, and orders that Petitioner receive a bond hearing as provided under 8 U.S.C. § 1226 within seven days of entry of this order, or else be released immediately.

## II. FACTUAL BACKGROUND

The relevant facts are straightforward. Petitioner Zambrano Paz is a citizen of Venezuela who has resided in the United States since 2022, most recently in Chicago, Illinois. Petitioner has a ten (10) year old daughter and thirty (30) year old wife, both of whom rely on Petitioner's ability to work in order to provide support. Mr. Zambrano Paz has no criminal history. ECF No. 1.[1]

Petitioner was detained at a traffic stop by Indiana State Police when driving from Illinois to Indiana. He is charged with having entered the United States without inspection and presently remains in detention subject to ICE's policy of mandatory detention; he has not been offered the opportunity to post bond or be released under other conditions.

## III. ANALYSIS

Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention

---

[1] All facts are taken from the Petition, and are not contested for purposes of the issues presented.

and displaces the calendar of the judge or justice who entertains it and receives prompt action from [her] within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted). A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief. § 2243.

### A. Raycraft is the proper Respondent

Broadly, the present Petition presents the same legal issues this court first considered in *Morales-Martinez v. Raycraft*, No. 25-cv-13303, 2025 WL 3124695 (E.D. Mich. Nov. 7, 2025). As explained below, the court largely adopts its reasoning in that decision rather than repeat itself as to each step of the analysis.

However, one relatively new issue raised by Respondents also merits attention. Respondents contest that any Respondent was properly named in this petition in light of *Aguilar v. Dunbar,* No. 25-

CV-12831, 2025 WL 3281540 (E.D. Mich. Nov. 13, 2025) (transferring immigration habeas case to Western District), because the warden of the facility itself where Petitioner is being held was not named in this Petition. Fundamentally, the dispute boils down to an issue that has been addressed previously by courts in this circuit: whether a 2003 Sixth Circuit decision authorizing the naming of an ICE Field Office Director in habeas proceedings was superseded by a 2004 Supreme Court decision that stated a different general rule: that the warden of the facility where one is physically held is the sole proper respondent to a habeas petition. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003). In *Roman*, the Sixth Circuit held that the INS District Director[2] for the district where a detention facility is located is the proper Respondent for a petitioner facing removal proceedings, reasoning that the District Director has immediate power over the custody of that petitioner. *See* 340 F.3d at 320. In *Padilla*, the Supreme Court rejected that logic of legal "power" over a person's physical custody as a general matter and held that in

---

[2] INS' "District Directors" are the same as today's ICE Field Office Directors. *Kholyavskiy v. Achim*, 443 F.3d 946, 948 n.1 (7th Cir. 2006).

6

habeas, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." 542 U.S. at 435. However, while setting a "default" rule, the Court explicitly left open the question of "whether [a remote supervisory official] is a proper respondent to a habeas petition filed by an alien detained pending deportation." *Padilla*, 542 U.S. at 435 n.8. Courts in this district and circuit have therefore found that specifically for habeas proceedings with immigrant petitioners facing deportation, *Roman*'s rule still applies, because application of that rule was explicitly left open by *Padilla*. *See Khodr v. Adduci*, 697 F. Supp. 2d 774, 776 (E.D. Mich. 2010) (Murphy, J.); *Parlak v. Baker*, 374 F. Supp. 2d 551, 557 (E.D. Mich. 2005) (Cohn, J.), *vacated on other grounds* 2006 WL 3634385 (6th Cir. 2006); *Hango v. McAleenan*, No. 1:19-CV-606, 2019 U.S. Dist. LEXIS 211697, at *4 (N.D. Ohio Dec. 9, 2019) (applying *Roman* rather than *Padilla* because *Padilla* does not apply to detainment pending removal); *Orozco-Valenzuela v. Holder*, No. 1:14 CV 1669, 2015 U.S. Dist. LEXIS 44697, 2015 WL 1530631, at *4 (N.D. Ohio Apr. 6, 2015) (holding ICE Field Office Director Rebecca Adducci was the proper party in § 2241 habeas

7

action of alien challenging his detention, without a bond hearing, pending removal); *Rosario v. Prindle*, No. 11-217-WOB-CJS, 2011 U.S. Dist. LEXIS 150602, 2011 WL 6942560, at *2 (E.D. Ky. Nov. 28, 2011) (ICE field director proper respondent in habeas petition challenging continued detention pending reconsideration of denial of removal appeal); *but see, e.g.*, *Gjoliku v. Chertoff*, No. 06-11747, 2006 U.S. Dist. LEXIS 45498, at *3 n.1 (E.D. Mich. Jun. 26, 2006) (O'Meara, J.) (transferring a habeas petition to the Western District of Michigan after concluding that the Calhoun County jail warden was the appropriate immediate custodian and noting that "*Roman* was decided before the Supreme Court decision in *Padilla* . . . and cannot be reconciled with it."). This court has previously agreed with the former set of cases and found it more convincing that *Roman* was not overruled by *Padilla* and remains binding law in this circuit; no new facts or law are advanced here to change that conclusion; Respondents' brief is nearly identical to those previously filed. *See Romero Garcia, v. Raycraft*, No. 25-CV-13407, 2025 WL 3252286, at *2 (E.D. Mich. Nov.

8

21, 2025).³ The court also notes that Respondents' changing litigation posture renders their current position on this issue unconvincing; before this very court only weeks previously, Respondents asserted that "the only proper respondent in a habeas corpus case is the detainee's immediate custodian. *See Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003). In the immigration context, that is the ICE Field Office Director." *Morales-Martinez*, No. 25-13303, ECF No. 5, PageID.51 (brief of Respondents).

There is no dispute in this posture that Zambrano Paz is currently in removal proceedings. ECF No. 1-3, PageID.27; ECF No. 6, PageID.78. Therefore, *Roman* controls, ICE Field Director Raycraft is a proper Respondent, and Raycraft does not otherwise challenge this court's jurisdiction or venue in the event that the court finds that *Roman* applies. ECF No. 7, PageID.128.⁴

---

³ To the extent that new arguments are, in some manner, advanced in Respondents' separate motion to vacate the court's text-only order, those arguments are not made in response to the Petition itself and are not properly brought in a brief on a collateral matter. *See* LR 7.1(d)(1)(A) ("Unless the Court permits otherwise, each motion and response to a motion must be accompanied by a single brief.").

⁴ As before, the court understands Respondents to argue only that the only proper respondent is themself in the Western District of Michigan, and on that

9

## B. Petitioner's detention without bond is contrary to the plain language of the Immigration and Nationality Act

Respondent advances two arguments as to Petitioner's detention under the INA: first, that the court should require administrative exhaustion, and second, that Petitioner is properly detained under § 1225(b)(2). Both arguments have been brought previously before this court, and are without merit.

### i. Administrative Exhaustion

Before determining the merits of this petition, the court must first address Respondents' argument that it should require Petitioner to exhaust his administrative remedies before he is permitted to proceed with his habeas petition. The court finds that exhaustion is not

---

basis alone, jurisdiction is not proper. ECF No. 6, PageID.85. To the extent that Respondents' brief could perhaps be read to imply other defects, Respondents do not clearly explain any other argument and the court considers such unexplained arguments waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (quoting citation omitted); *see Kanai v. McHugh*, 638 F.3d 251, 258 (4th Cir. 2011) (holding that "any challenge to habeas proceedings based on" lack of territorial jurisdiction "is waived if not timely asserted.").

necessary, for the reasons explained in *Morales-Martinez*, 2025 WL 3124695.

While adopting its prior analysis entirely, in short the court agrees with the majority of district courts in this circuit and around the nation in deciding not to enforce an exhaustion of administrative remedies requirement for these kinds of habeas petitions, because all three factors regarding prudential exhaustion weigh against imposing an exhaustion requirement. *See, e.g.*, *Casio-Mejia v. Raycraft*, 2025 WL 2976737, at *5 (E.D. Mich. Oct. 21, 2025) (collecting cases). Because administrative review in this instance would be futile, and because every additional day in unlawful detention presents a hardship for Petitioner, the court declines to impose an exhaustion requirement upon Petitioner and will address the merits of his petition. *See Lopez-Campos*, 2025 WL 2496379, at *5.

### i. Statutory and Regulatory Framework

At issue are the meaning of two related provisions of the Immigration and Nationality Act: 8 U.S.C. § 1225(b)(2), and 8 U.S.C. § 1226(a). Congress established these two statutes to principally govern detention of noncitizens pending removal proceedings. 8 U.S.C.

11

§§ 1225 and 1226.  The first – Section 1225 – is a mandatory detention provision; the second statutory provision – Section 1226 – provides for a discretionary detention framework.  8 U.S.C. § 1225, 1226(a).  There is no dispute that noncitizens arrested and detained under Section 1226(a) have a right to request a custody redetermination (i.e. a bond hearing) before an Immigration Judge.  *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1).

For nearly thirty years, Respondents and the federal courts recognized that noncitizens who entered the United States without inspection and were apprehended years later were eligible for a bond hearing before an immigration judge under 8 U.S.C. § 1226(a), because they were not deemed "arriving" or "seeking admission," were not subject to § 1225(b)(2), and were therefore entitled to a custody hearing. Thus, individuals who previously entered without inspection and are subsequently placed in removal proceedings receive bond hearings if ICE chooses to detain them, unless their criminal history renders them ineligible.

However, on July 8, 2025, Immigration and Customs Enforcement (ICE), "in coordination with" the Department of Justice, issued "Interim Guidance Regarding Detention Authority for Applicants for Admission,"

12

which instructed all ICE employees to consider anyone inadmissible under § 1182(a)(6)(A)(i)—i.e., those who initially entered the United States without inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), no matter how long they have resided in the United States.

### ii. Lawfulness of Petitioner's Detention under the INA

The central question to this habeas petition is which detention framework properly applies to a person who has lawfully lived in the United States for several years, was never lawfully admitted to the country, and is now facing removal proceedings. Respondents say § 1225(b)(2)(A), Petitioner says § 1226(a).

Broadly, Respondents' interpretation is that any noncitizen present unlawfully in the United States is perpetually "seeking admission" to the United States and is subject to the mandatory detention statute in § 1225(b)(2). ECF No. 5, PageID.58. That interpretation is inconsistent with ordinary dictionary meaning, existing precedent, historical practice, and the structure and text of the INA. The structure of these provisions of the INA accomplish two

13

different goals. Section 1225 is "framed [] as a part of the process that 'generally begins at the Nation's borders and ports of entry, where the Government must determine whether [noncitizens] seeking to enter the country are admissible.'" *E.g.*, *Rosado v. Figueroa, et al.*, No. 2:25-cv-02157, 2025 WL 2337099, at *8 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018)); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *7 (E.D. Mich. Aug. 29, 2025). Section 1226(a), on the other hand, applies to the process of "arresting and detaining" noncitizens who are already living "inside the United States" but still subject to removal (like Petitioner). *Jennings*, 583 U.S. at 288. Put simply, Section 1225 applies to noncitizens "arriving to the country" and Section 1226 governs detention of noncitizens "already in the country." *Id.* Although other courts have ably delved into the subject in more detail, both the legislative history and decades of consistent agency practice support this reading of the statute. *See, e.g.*, *Pizarro Reyes*, 2025 WL 2609425, at *7.

  This court previously engaged in a detailed exercise of statutory interpretation to explain why Section 1226(a) applies to persons like Petitioner; it is not necessary to repeat that entire analysis here. It is

14

sufficient to say that the court adopts its prior analysis in full. *See Morales-Martinez v. Raycraft*, No. 25-cv-13303, 2025 WL 3124695 (E.D. Mich. Nov. 7, 2025). But in summary: a broad consensus of district courts have agreed that "§ 1225 clearly establishes an inspection scheme for when to let noncitizens into the country" and "governs the *entrance* of noncitizens to the United States," and no more. *E.g.*, *Pizarro Reyes*, 2025 WL 2609425, at *5; *Barrera v. Tindall*, No. 25-541, 2025 U.S. Dist. LEXIS 184356, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025) (holding the text of § 1225 is focused "on inspections for noncitizens when they arrive" and "suggest[s] [it] is limited to noncitizens arriving at a border or port and are presently 'seeking admission' into the United States."). Respondents' arguments to the contrary have been soundly rejected in, as far as the court can tell, very nearly every district court that has heard them. *Morales-Martinez*, 2025 WL 3124695, at *6 (collecting cases and rejecting the same arguments made here). This court agrees with the overwhelming majority viewpoint and sees no reason to reverse its own prior legal conclusions. "A decision of a federal district judge is not binding precedent in either a different judicial district, the same judicial

15

district, or even upon the same judge in a different case." 18 Moore's Federal Practice 3d § 134.02[1][d]. However, "[a] court should give considerable weight to its own previous decisions unless and until they have been overruled or undermined by the decision of a higher court or a statutory overruling." *Id.* at § 134.02[1][a]; *see, e.g.*, *Morales-Martinez*, 2025 WL 3124695; *Romero Garcia*, 2025 WL 3252286.

Therefore, Section 1226(a) is the appropriate statutory framework for determining bond for noncitizens who are already in the country and facing removal. Zambrano Paz has resided in the United States for several years and was arrested at a traffic stop while traveling between Illinois and Indiana, not upon arrival at the U.S. border or a port of entry. Under § 1226(a), Petitioner is entitled to a discretionary bond determination hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). Because Petitioner has been detained without having received such a hearing, he is in federal custody in violation of federal law. His habeas petition will thus be granted, and Respondent Raycraft will be directed to provide Petitioner with a bond hearing under § 1226(a) or otherwise release him.

### C. Due Process

The court declines to decide the merits of Petitioner's due process claim, given that the court herein grants the relief he seeks based on its interpretation of the applicability of § 1226(a). If Respondents do not provide Petitioner with a bond redetermination hearing or release him within the time ordered, Petitioner may renew his Fifth Amendment Due Process claim.

## IV. CONCLUSION

Therefore, the court **GRANTS** the petition for writ of habeas corpus (ECF No. 1). It is therefore **ORDERED** that:

1. Respondent Raycraft shall provide Petitioner with a bond hearing under § 1226(a) on or before **December 10, 2025**, or otherwise release him; and

2. Respondent Raycraft shall file a status report to certify compliance with this order on or before **December 11, 2025**. The status report shall detail when Petitioner was released or when his bond hearing occurred, if bond was granted or denied, and—if bond was denied—the reasons for the denial.

Because Petitioner did not indicate opposition to the dismissal of all Respondents except for the ICE Field Office Director, it is

17

**FURTHER ORDERED** that all Respondents except for Acting ICE Field Office Director Kevin Raycraft are **DISMISSED** without prejudice.

Because this order resolves the petition, the text-only order enjoining Petitioner's transfer is **VACATED**, and the motion to vacate that order (ECF No. 7) is **DENIED** as moot (the court here grants the relief sought, albeit on different grounds).

The court retains jurisdiction to enforce the terms of this order.

**SO ORDERED**.

Date: December 3, 2025                    s/F. Kay Behm
                                          F. Kay Behm
                                          United States District Judge